**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAKIESHIA LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-215 SNLJ |
| | ) | |
| ANGELA MESMER, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 15, 2020, petitioner was ordered to show cause why her petition should not be dismissed as time-barred. Petitioner has failed to respond to the Order to Show Cause in a timely manner and her application for habeas corpus will be denied and dismissed.

**Background**

On August 19, 2015, petitioner pled guilty in the Circuit Court for St. Louis County to murder in the second degree and arson in the first degree. On that same date the Court sentenced petitioner to twenty-five (25) years' imprisonment. Petitioner did not file a direct appeal, nor did she seek post-conviction relief. *See State v. Lane*, No.14SL-CR06978-01 (21st Jud. Cir., St. Louis County Court).

Petitioner filed the instant § 2254 petition on February 3, 2020, by placing the petition in the prison mailing system at the Women's Eastern Reception Diagnostic Correctional Center seeking to challenge her 2015 conviction in St. Louis County Court.

**Discussion**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than three years after petitioner's state court judgment of conviction became final on August 29, 2016.[1]

Recognizing that her petition is time-barred, petitioner asserts that she is entitled to equitable tolling in this matter. The Court will decline to provide petitioner with equitable tolling.

Petitioner asserts that her counsel was ineffective because she met with her "less than five times" and counseled her to accept a plea deal because she was facing what could be a life sentence.

---

[1]Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus.   If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a).

Petitioner claims that counsel failed to inquire or investigate that she had been a victim of "battered wife syndrome" and could possibly plead not guilty by reason of diminished capacity. Petitioner alleges that it was in March of 2019 that she found out that her attorney was ineffective for failing to investigate that she had been a victim of domestic violence at the time she was criminally charged with setting a house on fire and killing her ex-boyfriend's sister. Last, petitioner asserts that she failed to file a notice of appeal because she was not properly informed by counsel about the process of appealing.[2]

Under the doctrine of equitable tolling, the statutory limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), may be tolled if a petitioner can show that (1) she has been diligently pursuing his rights and (2) an extraordinary circumstance stood in her way. *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650.

The Eighth Circuit has noted that "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" for the application of equitable tolling. *Martin*, 408 F.3d at 1093. It is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Id.* (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). *See also Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (finding no equitable tolling where

---

[2]Petitioner **does not assert** that she asked her counsel to file a notice of appeal and counsel failed to do so. She merely states that she did not understand that she could appeal after signing her plea deal.

attorney lacked knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could not assist in her defense, and stated that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (finding no equitable tolling where attorney's false representations about petition did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding no equitable tolling where counsel confused about applicable statute of limitations). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463.

At the time petitioner pled guilty in St. Louis County Court, she asserted to the Court at her allocation that she understood that had a right to appeal her conviction and sentence. Furthermore, at that time, the St. Louis County Court made a finding, as set forth on the judgment, that there was no probable cause to believe that petitioner had received ineffective assistance of counsel. *State v. Lane*, No.14SL-CR06978-01 (21st Jud. Cir., St. Louis County Court).

In Missouri, battered woman syndrome is used as an element of self-defense, not as a plea of diminished capacity. *State v. Edwards*, 60 S.W.3d 602 (Mo.Ct.App. 2001). In Missouri, self-defense is a person's right to defend himself or herself against attack. *State v. Chambers,* 671 S.W.2d 781, 783 (Mo. banc 1984). The right is codified in Mo.Rev.Stat. § 563 .031. Four elements generally must be present to permit the use of deadly force in self-defense: (1) an absence of provocation or aggression on the part of the defender; (2) a reasonable belief that deadly force is necessary to protect himself or herself against an immediate danger of death, serious physical injury, rape, sodomy, or kidnapping or serious physical injury through robbery, burglary or arson;

(3) a reasonable cause for that belief; and (4) an attempt by the defender to do all within his or her power consistent with his or her own personal safety to avoid the danger and the need to take a life. § 563.031; *Chambers*, 671 S.W.2d at 783. The third element, the reasonable cause for the belief that deadly force is necessary, is viewed from the circumstances as they appeared to the defendant. *State v. Grier*, 609 S.W.2d 201, 206 n. 2 (Mo.Ct.App. 1980). However, the reasonableness of the belief itself, the second element, is determined by an objective test. *Id.* This objective standard measures conduct based on what a hypothetical ordinary reasonable and prudent person would have believed and how they would have reacted. *See State v. Epperson*, 571 S.W.2d 260, 265 (Mo. banc 1978); *Hartland Computer Leasing Corp., Inc. v. Insurance Man, Inc.,* 770 S.W.2d 525, 527–28 (Mo.Ct.App. 1989). Thus, the standard is whether the facts available to the defendant at the moment deadly force is used would have caused a hypothetical reasonable and prudent person to reasonably believe that deadly force was necessary to save himself or herself from an immediate danger of serious bodily injury or death.

In petitioner's case, she committed arson by setting fire to a house, and in the process, killed her ex-boyfriend's sister, who happened to be sleeping there at the time. There is nothing in the record to show that petitioner committed arson, and thereby murder, in order to protect herself because she believed herself to be in serious imminent danger of bodily injury or death. Thus, there is no indication that petitioner's attorney was ineffective for failing to advocate for the defense of the battered woman syndrome at the time petitioner was forced with the task of deciding whether to plea or go to trial in 2015. As such, the Court finds that petitioner is not entitled to equitable tolling of the statute of limitations.

On July 15, 2020, the Court ordered petitioner to respond to an order to show cause why her petition should not be dismissed as time-barred. Petitioner has failed to respond to the Show Cause Order. In accordance with the facts set forth above, the Court finds that petitioner's application for writ of habeas corpus is barred by the one-year statute of limitations and not entitled to equitable tolling. No certificate of appealability shall be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of August, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

6